**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **G&J Gears Australia Pty Ltd., et al.,** | ) | **CASE NO. 06 CV 2314** |
| | ) | |
| Plaintiffs, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Rockcrusher USA LLC, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

This action seeks damages for non-payment on various shipments of "Rockcrusher" products and for unfair competition. Before the Court is the motion of Plaintiffs G&J Gears Australia Pty Ltd. ("G&J Gears"), Rockcrusher Diffs 4x4 Axle Assemblies Pty Ltd. ("Rockcrusher Diffs"), Grant Shirley, and Barry Rowe against Defendants Rockcrusher USA LLC ("Rockcrusher USA"), Rockcrusher Manufacturing LLC ("Rockcrusher Manufacturing"), and John Boydston for partial summary judgment as to Counts I, III, X, and XVI of the Complaint. (Doc. 102.)[1]  The motion is unopposed.  For the reasons stated below,

---

[1] The Complaint was originally filed by G&J Gears and Rockcrusher Diffs against Rockcrusher USA, Rockcrusher Manufacturing, John Boydston, Brobo Group Pty Ltd., Rock Solid Products Pty Ltd, and Daniel Sydney Milton.  Brobo Group Pty Ltd., Rock Solid

1

the motion is granted in part and denied in part.

### I. Facts

Plaintiffs refer the Court to the following evidence in the record, which has not been disputed.  Shirley and Rowe are the owners of G&J Gears and Rockcrusher Diffs, Australian companies which manufacture and sell drive train components for four wheel drive and custom off-road vehicles.  (Shirley Dep. 1, pp.17, 21; Shirley Dep. 2, P. 11.)  G&J Gears is the owner of trademarks covering the "Rockcrusher" "name" and "logo."  (Complt., Exs. 1 and 2; Shirley Dep. 1, pp. 19, 23, 24.)

Shirley, who at the time resided in Australia, met Boydston during a trip by Shirley to the United States in the summer of 2004 to repossess certain Rockcrusher-branded products from a distributor in North Carolina that had failed to pay G&J Gears.  (Shirley Dep. 1, p. 53.)  During this trip, Shirley was introduced to Boydston, and Boydston expressed an interest in purchasing the repossessed products.  Shirley and Boydston subsequently agreed that Boydston would purchase the products.  (Shirley Dep. 1, p. 55.)  Boydston paid $50,000 toward the products (valued at a total of $142,103.25) by personal check, leaving a balance due and owing of $92,103.25.  (Rowe Aff. ¶ 6.)  It was agreed that the balance of the products would be sold on a consignment basis.  The products were shipped to Boydston; however, Boydston has not paid the outstanding balance of $92,103.25 or returned the products.  (Rowe

---

Products Pty Ltd, and Daniel Sydney Milton were voluntarily dismissed as defendants pursuant to Fed. R. Civ. P. 41(a)(1) (Doc. Nos. 4. 6); G&J Gears was placed into liquidation by Order of the Supreme Court of Victoria, Australia, and the claims of G&J Gears were assigned to Shirley and Rowe, who were added as plaintiffs pursuant to court order dated February 13, 2009 (Judge Economous).  In addition, on July 7, 2011, after this motion was filed, this Court perpetually stayed all claims as to defendant Boydston, due to his bankruptcy filing.

Aff. ¶ 4.)

Shortly after Boydston purchased the repossessed inventory discussed above, Boydston entered into an oral distributorship agreement with G&J Gears and Rockcrusher Diffs, whereby Boydston, through a newly-formed company, would serve as a U.S. distributor of Rockcrusher products. (Shirley Dep. 1, p. 64.) Pursuant to this agreement, Boydston would pre-pay for Rockcrusher products and be permitted to use the Rockcrusher name and logo in marketing and selling the products. (Boydston Dep. 1, pp. 70-73.) Boydston formed Rockcrusher USA for this purpose in or around August 2004. (Boydston Dep. 1, p. 67.) Rockcrusher USA used the Rockcrusher name and logo in promoting its business, and Plaintiffs made various shipments of product to Rockcrusher USA. (Boydston Dep. 1, pp. 129-35.) Rockcrusher USA and Boydston did not pay for all product they received; specifically, they failed to pay for a shipment of product delivered to Rockcrusher USA invoiced for the amount of $99,969.95. (Rowe Aff. ¶¶ 7, 8.) This amount remains due and owing to Rockcrusher Diffs. (*Id.* at ¶ 8.)

As a result of Rockcrusher USA's and Boydston's failure to pay, Shirley revoked Rockcrusher USA's and Boydston's permission to use the Rockcrusher name and logo in April 2005. (Shirley Dep. 1, pp. 69-70; Shirley Dep. 2, pp. 86-87.) However, Rockcrusher USA continued to use the Rockcrusher name and logo after April 1, 2005. (Boydston Dep., pp. 129-35.) In addition, Boydston began purchasing Rockcrusher-branded products from another source, an individual named Danny Milton, who had worked for the casting company which produced the Rockcrusher products for plaintiffs in Australia. (Boydston Dep., pp. 82, 89-92.) Boydston met Milton in April 2005; Milton told Boydston that he would sell the

Rockcrusher products directly to Boydston because Milton was not satisfied with his business relationship with Rockcrusher Diffs. (Boydston Dep., p. 87.)

In September 2005, Boydston transferred all of the assets of Rockcrusher USA to a new company formed by Boydston, Rockcrusher Manufacturing; Rockcrusher Manufacturing assumed all of the debt of Rockcrusher USA and continued the same business as Rockcrusher USA. (Boydston Dep., pp. 110-11.)

## II.  Standard of Review

Federal Rule of Civil Procedure 56 governs summary judgment and provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled judgment as a matter of law."[2] The procedure set out in Rule 56(c) requires that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion." This can be done by citation to "materials in the record," including depositions, documents, affidavits, stipulations, and electronically stored information. Fed. R. Civ. P. 56(c)(1)(A). Rule 56(c)(1)(B) allows a party to "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present

---

[2] Federal Rule of Civil Procedure 56 was amended effective December 1, 2010. The Advisory Committee Notes to the 2010 amendments state that the standard for granting summary judgment "remains unchanged," and "[t]he amendments will not affect continuing development of the decisional law construing and applying [that standard]." Fed. R. Civ. P. 56 advisory committee note. This summary judgment motion was filed after the revised version became effective and is, therefore, governed by that version.

specific facts demonstrating that there is a genuine issue for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  "The 'mere possibility' of a factual dispute is not enough."  *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1986).  In order to defeat a motion for summary judgment, the non-moving party must present probative evidence that supports its position.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).  In determining a motion for summary judgment, the non-moving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.  *Id.* at 255.

**II. Discussion**

### Count I

In Count I, plaintiffs assert a claim for breach of contract against Boydston, Rockcrusher USA, and Rockcrusher Manufacturing, alleging these defendants are liable for failing to pay the $92,103.25 balance on Boydston's July 2004 purchase of repossessed Rockcrusher products.  However, as noted in footnote 1 above, this action has been stayed as against Boydston, and plaintiffs have failed to demonstrate that Rockcrusher USA and Rockcrusher Manufacturing – which were not in existence at the time of Boydston's agreement to purchase the repossessed products – are legally responsible for this obligation.  Plaintiffs' evidence demonstrates that Boydston individually made an agreement to purchase the repossessed products; however, it does not demonstrate that Boydston made the agreement on behalf of Rockcrusher USA or Rockcrusher Manufacturing.  Rather, as plaintiffs acknowledge, Boydston "entered into the transaction prior to forming Rockcrusher USA."  (Pltf. Br. at 7, note 8.)  Because plaintiffs have not demonstrated that Rockcrusher

USA and/or Rockcrusher Manufacturing, companies through which Boydston subsequently conducted business, are legally responsible for the July 2004 contractual undertaking, plaintiffs have not established that summary judgment is warranted as to Rockcrusher USA and Rockcrusher Manufacturing.

Plaintiffs' motion for partial summary judgment is denied as to Count I.

### Count III

Count III alleges a claim for breach of contract against Boydston, Rockcrusher USA, and Rockcrusher Manufacturing relating to the $99,969.95 due and owing for products shipped to Rockcrusher USA pursuant to an oral distributorship agreement.

Plaintiffs have submitted facially valid affidavit testimony that $99,969.95 of products shipped to Rockcrusher USA remains unpaid for, as well as evidence demonstrating that Boydston, on behalf of Rockcrusher USA, agreed to pay for these products pursuant to an oral distributorship agreement with plaintiffs.  (*See* Rowe Aff.)  Rockcrusher USA makes no effort to dispute plaintiffs' evidence.  To recover on a claim for breach of contract under Ohio law, a plaintiff must prove "the existence of a contract, performance by plaintiff, breach by the defendant, and damage or loss to the plaintiff."  *Powell v. Grant Med. Ctr.*, 148 Ohio App.3d 1, 10, 771 N.E.2d 874, 881 (Ohio App. 2002).  Plaintiffs' undisputed evidence is sufficient to establish these elements:  Boydston agreed, on behalf of Rockcrusher USA, to pay plaintiffs for delivered Rockcrusher products, and $99,969.95 worth of products was shipped to Rockcrusher USA for which Boydston and Rockcrusher USA have failed to pay.  Accordingly, plaintiffs' motion is for summary judgment on Count III is granted as against Rockcrusher USA.

Plaintiffs seek to hold Rockcrusher Manufacturing liable as Rockcrusher USA's "successor-in-interest." The general rule in Ohio is that a company that acquires the assets of a second company does not inherit the liabilities of the second company. *See Welco Industries, Inc. v. Applied Companies*, 67 Ohio St.3d 344, 617 N.E.2d 1129 (Ohio 1993). However, a successor may be held liable when: "(1) the buyer expressly or impliedly agrees to assume such liability; (2) the transaction amounts to a *de facto* consolidation or merger; (3) the buyer corporation is merely a continuation of the seller corporation; or (4) the transaction is entered into fraudulently for the purpose of escaping liability." *Welco*, 617 N.E.2d at 1132. Plaintiffs have come forward with evidence sufficient to establish that Rockcrusher Manufacturing is liable as a successor, specifically, Boydston's deposition testimony that he transferred all of the assets and "debts" of Rockcrusher USA to Rockcrusher Manufacturing and that Rockcrusher Manufacturing continued the business of Rockcrusher USA. (Boydston Dep., 110-11.) This evidence, which Rockcrusher Manufacturing does not dispute, is sufficient to show that Rockcrusher Manufacturing is merely a continuation of Rockcrusher USA. Accordingly, plaintiffs are entitled to summary judgment on Count III as against Rockcrusher Manufacturing.

## Count X

Count X alleges a claim for false designation of origin pursuant to section 1125(a)(1)(A) of the Lanham Act based on defendants' continued use of Rockcrusher's trademark name and logo and continued sale of Rockcrusher-branded products after April 2005, when Shirley revoked defendants' permission to use the marks and sell the products.

The Lanham Act prohibits trademark infringement as a well as other deceptive

practices that might loosely be termed "unfair competition." *Johnson v. Jones*, 149 F.3d 494, 502 (6th Cir. 1998). One form of unfair competition is the false designation of origin. The Lanham Act imposes liability on "[a]ny person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin . . . of his or her goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1)(A). A Lanham Act claim for false designation of origin must contain two elements: "(1) the false designation must have a substantial economic effect on interstate commerce; and (2) the false designation must create a likelihood of confusion." *Johnson*, 149 F.3d at 502.

Plaintiffs have presented uncontested evidence of both required elements. A substantial economic effect on interstate commerce is established by plaintiffs' submitted expert report, in which plaintiffs' expert opines that, for the period of April 1, 2005 through December 31, 2006, Rockcrusher USA and Rockcrusher Manufacturing generated hundreds of thousands of dollars in gross sales and gross profits. (Pltf. Ex. Rep.) This volume of sales, combined with defendants' use of Rockcrusher trademarks in advertisements in commerce, is sufficient to demonstrate a substantial effect on interstate commerce.

Likelihood of confusion in the marketplace is established by Boydston's admission in his deposition that his companies' use of the Rockcrusher name created actual confusion in the marketplace. (Boydston Dep., 119, 140.) Furthermore, likelihood of confusion is

demonstrated by plaintiffs' evidence that its marks were distinctive and that defendants sold products bearing Rockcrusher's name and logo in the same marketplace as that in which Rockcrusher's genuine products were sold.

In that plaintiffs' motion is unopposed, defendants fail to meet their burden under Fed. R. Civ. P. 56(c) of controverting plaintiffs' evidence and demonstrating the existence of a material issue of fact as to Count X.  Accordingly, plaintiffs are entitled to summary judgment against Rockcrusher USA and Rockcrusher Manufacturing on Count X.

Plaintiffs ask the Court to enter summary judgment on Count X in the amount of $269,082.95, based on plaintiffs' expert's determination that this figure represents the combined gross profits of Rockcrusher USA and Rockcrusher Manufacturing for the period April 1, 2005 through December 31, 2006.  (Pltf. Ex. Rep., 9.)[3]  Again, in that plaintiffs'

---

[3] The Lanham Act provides:

(a) Profits; damages and costs; attorney fees

When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 1125(a) or (d) of this title, or a willful violation under section 1125(c) of this title, shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled . . . to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed. In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty. The court in exceptional cases may award reasonable attorney fees to the prevailing party.

15 U.S.C.§ 1117(a).

motion for partial summary judgment is unopposed, and these damages have not been disputed or controverted with other evidence, summary judgment is warranted in this amount. Plaintiffs also request that the Court schedule a hearing to determine whether they are entitled to treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a). However, plaintiffs have not stated why treble damages are appropriate or why this is an exceptional case, and the Court does not find it necessary to hold a hearing or appropriate to award treble damages or attorneys' fees under 15 U.S.C.§ 1117(a).

### Count XVI

Count XVI is a claim that the Court should pierce the corporate veils of Rockcrusher USA and Rockcrusher Manufacturing and hold Boydston personally liable for the liabilities of those companies. However, in that the action has been perpetually stayed as to Boydston, any determination that Boydston may be individually liable as the alter ego of Rockcrusher USA and Rockcrusher Manufacturing would violate the Court's order of stay. Therefore, plaintiffs' motion for summary judgment is denied as to Count XVI.

**IV. Conclusion**

For the reasons stated above, plaintiffs' motion for partial summary judgment is denied as to Counts I and XVI and granted as against Rockcrusher USA and Rockcrusher Manufacturing as to Counts III and X.

IT IS SO ORDERED.


    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 8/18/11